**AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR
A CRIMINAL COMPLAINT**

I, Edmilany L. Rubio, Special Agent of the United States Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI), being first duly sworn, hereby depose and state under oath that:

**INTRODUCTION AND AGENT BACKGROUND**

1. I am a Special Agent with HSI, San Juan, Puerto Rico, where I have been employed since May 2024. I am currently assigned to the Homeland Security Task Force (HSTF) in San Juan, Puerto Rico. Before that, I was appointed in 2019 as the Director of Investigation and Complaints Division with the Puerto Rico Office of the Inspector General.

2. As a Special Agent, I have the responsibilities of conduct investigations of alleged manufacturing, distribution, or possession of controlled substances (Title 21, United States Code, Section 841(a)(1)), importation of controlled substances (Title 21, United States Code, Section 952(a)), smuggling of goods into the United States (Title 18, United States Code, Section 545), failure to declare (Title 31 United States Code, Section 5316), money laundering (Title 18 United States Code, Section 1956), bulk cash smuggling (Title 31 United States Code, Section 5332), alien smuggling (Title 8 United States Code, Section 1324), entry without inspection (Title 8 United States Code, Section 1325), immigration-related matters (Title 8, United States Code), and other related offenses.

3. As an HSI Special Agent, I have received formal and on the job training and I am authorized to investigate violations of laws of the United States and to execute and serve any order, subpoena, summons, warrant, or other process issued under the authority of the United States. I am familiar with the statutes of the United States Code, and as a federal law

enforcement officer, I have participated in investigations, surveillance, interviews, interrogations, arrests, searches, seizures, administration of oaths, and in taking and considering evidence concerning the privilege of any person to enter, reenter, pass through, or reside in the United States. Based on my law enforcement experience detailed herein, as well as my training, and experience of other law enforcement officers who are participating in this investigation, serve as the basis for the conclusion set forth herein.

4.      Based on my training, experience, and information from other investigators, I am familiar with narcotics traffickers' methods of operation including the distribution, storage, and transportation of narcotics, and the collection of money proceeds of narcotics trafficking.

5.      I am also familiar with methods employed by large narcotics organizations to thwart detection by law enforcement, including the use of vague and coded language, debit calling cards, cellular telephone technology, counter surveillance, false or fictitious identities, encrypted mobile applications, and encoded communications.

6.      This affidavit is intended to show merely that there is sufficient probable cause for the requested criminal complaint and does not set forth all of my knowledge about this matter. I make this affidavit based on my own personal knowledge and on oral and written reports by other federal, state, and/or local law enforcement agents and officers that investigated this matter. This affidavit does not contain all the information derived from this investigation only that which is sufficient to demonstrate probable cause to believe that a crime has been committed.

**PROBABLE CAUSE**

**Drug Trafficking Vessel seized on March 11, 2026**

7.      On March 11, 2026, Customs and Border Protection (CBP) Marine Unit, while on routine patrol, detected a vessel approximately three nautical miles south of the island of Vieques, PR. Upon CBP Marine Unit Officers approaching, with sirens and blue lights, the vessel failed to stop and evaded law enforcement at high speeds towards Punta Arenas, Vieques.

8.      The operators of the vessel crash landed on the beach and CBP Marine Unit Officers observed several subjects fleeing into the adjacent wooded area. CBP Marine Unit Officers approached the vessel and observed multiple bales, a total of 21, consistent with bales used by drug trafficking organizations to transport narcotics from source countries, such as Venezuela.

9.      CBP Marine Unit Officers successfully seized and towed the crashed vessel and contraband for processing. CBP Marine Unit Officers conducted a drug test of a bale which tested positive for cocaine. An official weight of 709.1 kilograms of cocaine was certified using a CBP scale.

10.     Upon further inspection, the vessel was identified as a white 29-foot model Wellcraft with PR registration number - PR-9966-CC – clearly printed on the vessel. Additionally, multiple identification cards of Venezuelan Nationals were identified inside the vessel, including the identifications of [1] Eurices GOMEZ-Quijada ([1] GOMEZ-Quijada); [2] Oswaldo BERMUDEZ-Sanchez ([2] BERMUDEZ-Sanchez); [3] Jesus Antonio BOUGRAT-Ramos ([3] BOUGRAT-Ramos); [4] Jesus MATA-Gomez ([4] MATA-

Gomez); [5] Luis QUIJADA-Martinez ([5] QUIJADA-Martinez); and Douglas Antonio FERNANDEZ-Rodriguez (FERNANDEZ-Rodriguez).

11. Eventually, the individuals whose identifications were found in the seized vessel were located inside Puerto Rico.

a. On April 19, 2026, at approximately 1120 hours, ICE/ERO Fugitive Operations conducted a vehicle stop in Puerto Nuevo, San Juan, as part of an operation related to [9] Jose Mercedes BATISTA-Garcia aka "El Buzo" ([9] BATISTA-Garcia), owner of a red Toyota Tacoma (license plate 853579) (later identified herein as VEHICLE # 1). During the stop, agents encountered FERNANDEZ-Rodriguez, a Venezuelan national. FERNANDEZ-Rodriguez stated he had no documents or pending applications to remain legally in the United States. Record checks confirmed he was not admitted or paroled into the U.S. ICE/ERO arrested FERNANDEZ-Rodriguez for immigration violations.

a. On April 28, 2026, at approximately 0200 hours, the Caribbean Air and Marine Operations Center (CAMOC) reported multiple subjects carrying what appeared to be bales in the vicinity of Playa Linda, Vega Baja, PR, suggesting a maritime smuggling event was in progress. The San Juan Marine Unit (SJMU), Border Patrol (BP), and a PRPD FURA unit from Vega Baja responded and conducted a thorough search, resulting in the arrest of [1] GOMEZ-Quijada and [2] BERMUDEZ-Sanchez. [3] BOUGRAT-Ramos and [4] MATA-Gomez were arrested fleeing the scene at Playa Linda. [5] QUIJADA-Martinez, fled the scene.

b. On April 28, 2026, [5] QUIJADA-Martinez was encountered during execution of a search warrant at LOCATION #1: 1376 Calle 20 NW Puerto Nuevo, San Juan, PR.

12.    After their apprehension in Playa Linda, Vega Baja, HSTF Agents read Miranda Warnings in their native language, Spanish, to and interviewed: [1] GOMEZ-Quijada, [2] BERMUDEZ-Sanchez, [3] BOUGRAT-Ramos, and [4] MATA-Gomez, who all voluntarily waived.

13.    During the interviews, in sum and substance [1] GOMEZ-Quijada, [2] BERMUDEZ-Sanchez, [3] BOUGRAT-Ramos, and [4] MATA-Gomez all admitted being Venezuelan nationals and all identified a picture of the PR-9966-CC vessel as the vessel they were in while trying to make entry to Puerto Rico.  In addition, they all identified a picture of the bales of narcotics seized on March 11, 2026, as the narcotics that they attempted to smuggle into Puerto Rico.

14.    After being found at LOCATION #1, law enforcement officers read [5] QUIJADA-Martinez his Miranda Warnings in his native language, Spanish, which he voluntarily waived. In sum and substance, [5] QUIJADA-Martinez admitted that he is a Venezuelan national.  He also identified a picture of the PR-9966-CC vessel as the vessel he was in while trying to enter Puerto Rico and identified a picture of the bales of narcotics seized on March 11, 2026, as the narcotics he and others attempted to smuggle.

15.    A Source of Information identified [6] Alan IBARRA-Ibarra ([6] IBARA-Ibarra) as an occupant of the vessel used during March 11, 2026, who acted as a fiscal for the venture.   [6] IBARA-Ibarra is a Venezuela national without no legal status in the United States.

**Harboring and Transporting Illegal Aliens**

16.    During the investigation, a Source of Information identified two properties in Puerto Nuevo, San Juan, Puerto Rico, as locations where [1] GOMEZ-Quijada, [2] BERMUDEZ-Sanchez, [3] BOUGRAT-Ramos, [4] MATA-Gomez, [5] QUIJADA-Martinez,

FERNANDEZ-Rodriguez, and another individual involved in the failed venture, known as "Alans" or "El Colombiano", hid for approximately one and a half months after the failed venture of March 11, 2026.

17. The two properties identified were LOCATION #1: 1376 Calle 20 NW Puerto Nuevo, San Juan, PR, and LOCATION #2: 268 Calle 1 NW Puerto Nuevo, San Juan, PR.

18. The SOI also identified vehicles used to transport individuals identified in ¶ 16 during one and a half months after the failed venture of March 11, 2026, to wit:

a. VEHICLE #1: A red Toyota Tacoma pickup truck bearing Puerto Rico plate 823579, typically stored at LOCATION #1.

b. VEHICLE #2: A gray Hyundai Tucson SUV bearing Puerto Rico plate HZL-624, typically stored at LOCATION #1.

c. VEHICLE #3: A white Toyota Sienna minivan bearing Puerto Rico plate GUL-239, typically parked at LOCATION #2, but daily visited LOCATION #1.

19. On or about April 24, 2026, HSI Special Agents initiated surveillance at LOCATION #1 and  agents observed a gray Hyundai Tucson in the garage.

20. On or about April 27, 2026, HSI Special Agents continued surveillance at LOCATION #1 and observed a white Toyota Sienna minivan (plate GUL-239) in front of the residence and the gray Hyundai Tucson in the garage.

21. On same date, approximately one hour after being seen at LOCATION #1, the white Toyota Sienna minivan was moved to LOCATION #2 and parked in front of the gate.

22. LOCATION #2 was identified as the residence of [7] Primitivo MEREGILDO-Vargas aka "EL VIEJO or EL JEFE" ([7] MEREGILDO-Vargas), [10] Ramon Antonio MEJIA-Meregildo aka "EL BARBERO" ([10] MEJIA-Meregildo) and the individual known

as "Alans" or "El Colombiano". Additionally, a source of information (SOI) reported ongoing illegal activities at LOCATION #1 and LOCATION #2, including witnessing [7] MEREGILDO-Vargas and [9] BATISTA-Garcia with a bale of suspected drugs.

23.    On April 28, 2026, at approximately 0200 hours, the Caribbean Air and Marine Operations Center (CAMOC) reported multiple subjects carrying what appeared to be bales in the vicinity of Playa Linda, Vega Baja, PR, suggesting a maritime smuggling event was in progress. The San Juan Marine Unit (SJMU), Border Patrol (BP), and a PRPD FURA unit from Vega Baja responded and conducted a thorough search, resulting in the arrest of [1] GOMEZ-Quijada and [2] BERMUDEZ-Sanchez. A third subject, [5] QUIJADA-Martinez, fled the scene.  [3] BOUGRAT-Ramos and [4] MATA-Gomez were arrested fleeing the scene at Playa Linda.

24.    Record checks also revealed that as of April 29, 2026, [1] GOMEZ-Quijada; [2] BERMUDEZ-Sanchez; [3] BOUGRAT-Ramos; [4] MATA-Gomez, and [5] QUIJADA-Martinez had not applied requesting permission to enter the United States (Form I-212) before the U.S. Citizenship and Immigration Services ("USCIS"). Thus, [1] GOMEZ-Quijada; [2] BERMUDEZ-Sanchez; [3] BOUGRAT-Ramos; [4] MATA-Gomez, and [5] QUIJADA-Martinez have not obtained consent from the Secretary of Homeland Security to enter the United States, nor does he have any immigration documents allowing him to legally enter, pass through or remain in the United States. [1] GOMEZ-Quijada; [2] BERMUDEZ-Sanchez; [3] BOUGRAT-Ramos; [4] MATA-Gomez, and [5] QUIJADA-Martinez, are nationals and citizens of Venezuela, is unlawfully present in the United States. [1] GOMEZ-Quijada; [2] BERMUDEZ-Sanchez; [3] BOUGRAT-Ramos; [4] MATA-Gomez, and [5] QUIJADA-Martinez were not admitted, inspected, or paroled into the United States by an

immigration officer, nor did [1] GOMEZ-Quijada; [2] BERMUDEZ-Sanchez; [3] BOUGRAT-Ramos; [4] MATA-Gomez, and [5] QUIJADA-Martinez present themselves at a designed port of entry for inspection.

25.     VEHICLE #3 was observed patrolling the area with an occupant not wearing a seatbelt. PRPD conducted a traffic stop and identified the driver as [7] MEREGILDO-Vargas, a Dominican national unlawfully present in the United States after a prior deportation. [7] MEREGILDO-Vargas is a deported felon.

a.     Record checks into [7] MEREGILDO-Vargas' immigration and criminal history revealed that on or about February 23, 2018, [7] MEREGILDO-Vargas pled guilty and was sentenced by the United States District Court for the District of Puerto Rico for violations of Title 18, United States Code, Section 922(g)(5) and 924(A)(2). *See* 16-cr-00154-JAG.  On or about February 28, 2018, [7] MEREGILDO-Vargas was ordered removal from the United States.  On or about March 20, 2018, [7] MEREGILDO-Vargas was physically removed from the United States to the Dominican Republic.

b.     Record checks also revealed that as of April 29, 2026, [7] MEREGILDO-Vargas had not applied requesting permission to enter the United States (Form I-212) before the U.S. Citizenship and Immigration Services ("USCIS"). Thus, [7] MEREGILDO-Vargas has not obtained consent from the Secretary of Homeland Security to enter the United States, nor does he have any immigration documents allowing him to legally enter, pass through or remain in the United States. [7] MEREGILDO-Vargas, a national and citizen of the Dominican Republic, is in the United States after been previously removed from the United States. [7] MEREGILDO-Vargas was not admitted, inspected, or paroled into the United

States by an immigration officer, nor did [7] MEREGILDO-Vargas present himself at a designed port of entry for inspection.

26.    The SOI identified [7] MEREGILDO-Vargas as the person in charge of LOCATIONS #1 and #2, as well as the driver of VEHICLE #3.

27.    [7] MEREGILDO-Vargas consented to a search of VEHICLE #3, and a narcotics K9 gave a positive alert. A physical search yielded negative results for contraband; however, sand was found on the back seats.

28.    On April 28, 2026, at approximately 0950 hours, the surveillance team observed VEHICLE #2 exiting LOCATION #1.   At approximately 1:25pm, surveillance team observed a vehicle approaching LOCATION#1 and someone stepped into the vehicle described as Nissan Rogue bearing a license plate HFL-018. The passenger was identified by PRPD officers as [9] BATISTA-Garcia.

29.    [9] BATISTA-Garcia is a Dominican national unlawfully present in the United States.

30.    HSTF Agents conducted interviews and read their Miranda Warnings in their native language, Spanish, to the five arrestees from Playa Linda, Vega Baja: [1] GOMEZ-Quijada, [2] BERMUDEZ-Sanchez, [3] BOUGRAT-Ramos, [4] MATA-Gomez, and [7] MEREGILDO-Vargas, all who voluntarily waived.

31.    [1] GOMEZ-Quijada, [2] BERMUDEZ-Sanchez, [3] BOUGRAT-Ramos, and [4] MATA-Gomez admitted to being Venezuelan nationals unlawfully present in the United States.

32.    In addition to his admissions as to the March 11, 2026, vessel, (described above at ¶¶ 12 and 13), [1] GOMEZ-Quijada admitted that on April 28, 2026, early in the morning, he arrived at a beach and picked up two bales of narcotics from a yola-type vessel, which were

given to the owner of the house, referring to [7] MEREGILDO-Vargas.  [1] GOMEZ-Quijada also admitted that VEHICLE #2 and VEHICLE #3 were present at the beach to pick up the bales.

33.     [7] MEREGILDO-Vargas admitted to being a Dominican national unlawfully present in the United States.

### 52 kilograms of cocaine seized from Location #2 on April 28, 2026

34.     An application for a warrant related to LOCATION #1, LOCATION #2, VEHICLE #1[1], VEHICLE #2, and VEHICLE #3 was sought and issued.

35.     The warrant was successfully executed at both locations.

36.     At LOCATION #1, [5] QUIJADA-Martinez was encountered inside the residence.

37.     At LOCATION #2, the following items were found: 52 bricks of cocaine (in a first-floor garage), a Glock 33; .357 caliber; serial number #LPL978, a Glock Smith and Wesson; .40 caliber, serial #TZJ4330, .357 ammunitions, and .40 Magazine.  The firearms were found in a bedroom linked to [10] MEJIA-Meregildo.

38.     [6] Alan IBARRA-Ibarra ([6] IBARA-Ibarra) and [10] Ramon Antonio MEJIA-Meregildo ([10] MEJIA-Meregildo) were encountered at LOCATION #2.  Also found at LOCATION # 2 were a *cedula* (identification card) of [6] Alan IBARRA-Ibarra ([6] IBARA-Ibarra) known as "Alans" or "El Colombiano", and the Dominican Republic passports of [7] MEREGILDO-Vargas and [10] Ramon Antonio MEJIA-Meregildo ([10] MEJIA-Meregildo)

39.     [6] Alan IBARRA-Ibarra ([6] IBARA-Ibarra) admitted to being Venezuelan national unlawfully present in the United States.

---

[1] VEHICLE # 1 has not been located.

40.    [10] Ramon Antonio MEJIA-Meregildo ([10] MEJIA-Meregildo) admitted to being a Dominican national unlawfully present in the United States.

41.    In addition to his admissions as to the March 11, 2026, vessel, (described above at ¶ 14), [5] QUIJADA-Martinez admitted that on April 28, 2026, he was at the beach where he fled law enforcement; and he was there because [7] MEREGILDO-Vargas told him to pack all his belongings, as they were all leaving that day.

42.    Law enforcement officers read [10] MEJIA-Meregildo his Miranda Warnings in his native language, Spanish, which he voluntarily waived. In sum and substance, [10] MEJIA-Meregildo admitted that is a Dominican national and is unlawfully present in the United States.  [10] MEJIA-Meregildo identified [7] MEREGILDO-Vargas as his uncle and the driver of VEHICLE # 3 and admitted that they lived together on the first floor of LOCATION #2 along with an individual known as "El Colombiano," whom he did not know by name but identified as [6] IBARA-Ibarra. [7] MEREGILDO-Vargas brought [6] IBARA-Ibarra to the house approximately a month ago and [1] GOMEZ-Quijada and [2] BERMUDEZ-Sanchez were also brought to the house.  [10] MEJIA-Meregildo admitted that he owned the Glock 33, .357 caliber, serial number LPL978, found in his room, and [7] MEREGILDO-Vargas owns the Smith & Wesson Glock, .40 caliber, serial number TZJ4330.  [10] MEJIA-Meregildo admitted that he was aware of the two bales found on the first floor of the house where he lived with [7] MEREGILDO-Vargas and [6] IBARA-Ibarra.  [10] MEJIA-Meregildo stated that he knows Adan ABREU-Gonzalez ([8] ABREU-Gonzalez) and [9] BATISTA-Garcia.

43.    [8] ABREU-Gonzalez is an illegal alien from the Dominican Republic. Records reveal that he has been repatriated three times by United States Coast Guard.   Sources of Information indicate that [8] ABREU-Gonzalez was living at LOCATION # 1.


**CONCLUSION**

44.    Based on the foregoing, and based upon my training, experience and participation in this and other investigations, I believe that sufficient probable cause exists to believe that:

a.    On or about March 11, 2026, in the District of Puerto Rico, elsewhere, and within the jurisdiction of this Court, [1] GOMEZ-Quijada, [2] BERMUDEZ-Sanchez, [3] BOUGRAT-Ramos, [4] MATA-Gomez, [5] QUIJADA-Martinez and [6] IBARA-Ibarra, the defendants herein, did knowingly and intentionally combine, conspire, and agree with each other, and diverse other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, to knowingly and intentionally import into the customs territory of the United States, from a place outside thereof, but within the United States, that is Venezuela, five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug-Controlled Substance. All in violation of 21 U.S.C. §§ 952(a), 960(a)(1) & (b)(1)(B)(ii), and 963.

b.    On or about April 28, 2026, in the District of Puerto Rico, elsewhere, and within the jurisdiction of this Court, [1] GOMEZ-Quijada, [6] IBARA-Ibarra, [7] MEREGILDO-Vargas, and [10] MEJIA-Meregildo, the defendants herein, knowingly and intentionally combined, conspired, confederated, and agreed with each other and other persons, known and unknown, to commit an offense against the United States, that is: to possess with intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable

amount of cocaine, a Schedule II Narcotic Drug Controlled Substance, in violation of 21 U.S.C. §§ 846 and 841(a)(1).

c.    On or about April 28, 2026, in the District of Puerto Rico and elsewhere within the jurisdiction of this Court, defendants [7] MEREGILDO-Vargas, and [10] MEJIA-Meregildo did knowingly possess firearms (a Glock 33; .357 caliber; serial number #LPL978, a Glock Smith and Wesson; .40 caliber, serial #TZJ4330) in furtherance of a drug trafficking crime as defined in 18 U.S.C. §§ 924(c)(2), that is, a violation of 21 U.S.C. §§ 841(a)(1) and 846, involving a conspiracy and attempt to possess with intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, as charged herein, an offense that may be prosecuted in a court of the United States, all in violation of 18 U.S.C. § 924(c)(l)(A).

d.    Beginning on a date unknown but not later than March of 2026 and until April 28, 2026, in the District of Puerto Rico, and within the jurisdiction of this Court, [7] MEREGILDO-Vargas, knowing or in reckless disregard of the fact that an alien, namely, [1] GOMEZ-Quijada, [2] BERMUDEZ-Sanchez, [3] BOUGRAT-Ramos, [4] MATA-Gomez, [5] QUIJADA-Martinez and [6] IBARA-Ibarra  had come to, entered, or remained in the United States in violation of law, did transport or move said alien within the United States by means of transportation or otherwise, in furtherance of such violation of law, while aiding and abetting. All in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii) and (a)(1)(A)(v)(II).

e.    Beginning on a date unknown but not later than March of 2026 and until April 28, 2026, in the District of Puerto Rico, and within the jurisdiction of this Court, [7] MEREGILDO-Vargas, knowing or in reckless disregard of the fact that an alien, namely, [1] GOMEZ-Quijada, [2] BERMUDEZ-Sanchez, [3] BOUGRAT-Ramos, [4] MATA-Gomez,

[5] QUIJADA-Martinez and [6] IBARA-Ibarra had come to, entered, or remained in the United States in violation of law, did conceal, harbor, or shield from detection such alien in any place, including any building or any means of transportation. All in violation of 8 U.S.C. § 1324(a)(1)(A)(iii).

f.    Beginning on a date unknown but not later than April 28, 2026, [1] GOMEZ-Quijada, [2] BERMUDEZ-Sanchez, [3] BOUGRAT-Ramos, [4] MATA-Gomez, [5] QUIJADA-Martinez, [6] IBARA-Ibarra, [8] ABREU-Gonzalez, [9] BATISTA-Garcia, and [10] MEJIA-Meregildo, who are all aliens, as that term is defined in Title 8, United States Code, Section 1101(a)(3), each did knowingly and intentionally enter the United States at a time and place other than as designated by immigration officers. All in violation of 8 U.S.C. § 1325(a).

[INTENTIONALLY LEFT IN BLANK]

g.      On or about April 28, 2026, in the District of Puerto Rico and elsewhere, and within the jurisdiction of this Court, [7] MEREGILDO-Vargas, being an alien previously deported from the United States, did knowingly re-enter the United States, without obtaining, prior to their re-embarkation at a place outside the United States, the express consent from the Attorney General of the United States, or his successor, the Secretary of the Department of Homeland Security, pursuant to Title 6, United States Code, Sections 202(3), 202(4) and 557, to reapply for admission into the United States. This offense was committed after the defendant was each previously removed following a conviction for a felony. All in violation of 8 U.S.C. § 1326 (a)(2)(b)(1).

Respectfully submitted,

Edmilany L. Rubio
Special Agent
Homeland Security Investigations

Subscribed and sworn to over the phone pursuant to FRCP 4.1(a) on this __1st__ day of May 2026, at 12:59 p.m.

_____
THE HONORABLE HÉCTOR RAMOS VEGA
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF PUERTO RICO